Todd J. Roberts, Esq. SBN 181945
Corey A. Carter, Esq. SBN 269611
Law Offices of Todd J. Roberts
16601 Ventura Boulevard
Fourth Floor
Encino, CA 91436
Tel. (818) 906.8000
Fax (818) 906.8099

Attorney for Debtor/Movant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Barbara Minnucci,<br><br><br><br><br><br><br><br>Debtor/Movant, | Chapter 13<br><br>Case No. 2:10-bk-47509 VZ<br><br>NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTOR AND APPRAISER IN SUPPORT THEREOF [BAC HOME LOANS SERVICING, LP AS THE JUNIOR LIEN HOLDER, ITS SUCCESSORS IN INTEREST, AND BAC HOME LOANS SERVICING, LP, AS THE SENIOR LIEN HOLDER, AS A SECURED PARTY]<br><br>DATE:    May 16, 2010<br>TIME:    11:00 A.M.<br>PLACE:   Courtroom 1368<br>         255 E. Temple Street,<br>         Los Angeles, CA 90012 |

TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; NANCY K. CURRY, CHAPTER 13 TRUSTEE; BAC HOME LOANS SERVICING, LP; ALL OTHER PARTIES IN INTEREST AND COUNSEL OF RECORD:

i

**NOTICE OF DEBTOR'S MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY**

1  PLEASE TAKE NOTICE THAT at the above date, time and place, Barbara Minnucci, the Chapter 13 Debtor (the "Debtor") by and through counsel, Todd J. Roberts, will move the Court for a valuation of security under Rule 3012 of the Federal Rules of Bankruptcy, a determination of secured status under 11 U.S.C. §506(a) and 1325(a)(5)(B).

NOTICE IS FURTHER GIVEN THAT this Motion is based upon this Notice of Motion, the attached memorandum of points and authorities, the case file, the attached declarations of the Debtor Barbara Minnucci, California licensed real estate appraiser Shahram Fahimdejban, (the "Appraiser") and any such other evidence as may be presented at or before the hearing.

NOTICE IS FUTHER GIVEN THAT pursuant to Local Rule 9013-1(f), any response to this motion shall be filed with the Clerk of the Court and served on all interested parties no later than fourteen (14) days prior to the above hearing date. Failure to do so may be deemed as a waiver of the objection to the foregoing.

WHEREFORE, DEBTOR respectfully requests the Court grant the Debtor's Motion, and value the Real Property at $270,000.00 deeming BAC Home Loans Servicing, LP, its transferees, assignees and successors in interest ("Respondent") an unsecured creditor with respect to its junior consensual lien <u>only for the purpose of treatment under Debtor's proposed Chapter 13 Plan</u>; that Debtor be relieved from making any post petition payments to Respondent; that the Chapter 13 Trustee shall not advance to Respondent, on account of any proposed Chapter 13 Plan, any payment for the purposes of curing any amount in default or in arrears to Respondent; that Respondent have its lien subject to being <u>avoided</u> pursuant to an adversary proceeding and only upon the occurrence of judgment for the Debtor as Plaintiff upon entry of a Chapter 13 Discharge, and for such other and further relief as the Court may deem just and proper.

Dated: March 29, 2011  

Respectfully submitted by,

LAW OFFICES OF TODD J. ROBERTS

By:_____
Todd J. Roberts
Attorney for Debtor/Movant

ii

**NOTICE OF DEBTOR'S MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This Motion concerns Debtor's residential real property located at 1201 Nolden Street, Los Angeles, CA 90042 (hereinafter referred to as "Subject Property") wherein the Debtor is seeking valuation of $270,000.00, based upon an appraisal dated October 2, 2010. At this time, due to the general decline in real estate values in Southern California, which has substantially affected the area in which the Subject Property is located, the value of the Subject Property has substantially declined. The result of such decline is that the note held by BAC Home Loans Servicing, LP. (hereinafter "BAC Home Loans") secured by the **first** deed of trust is not completely secured by the value of the Subject Property. As such, Respondent's note secured by the **second** deed of trust is wholly unsecured.

In making this motion, the Debtor relies upon the appraisal that is attached and incorporated by reference as **Exhibit "A,"** to the Declaration of Debtor's expert, Shahram Fahimdejban, filed concurrently herewith. Based upon the appraisal, the Debtor requests that the value of the Subject Property be determined by the Court to have a present value of $270,000.00. Therefore, the Debtor believes a valuation of $270,000.00 is fair and reasonable pursuant to 11 U.S.C. §§506(a) and 1325(a)(5)(B).

If the Court agrees that Respondent's claim is wholly unsecured, the Debtor respectfully requests that pursuant to 11 U.S.C. §§ 506(a) and 1325(a)(5)(b) that the Court has jurisdiction and discretion to stay all post petition payments by Debtor, to treat Respondent's wholly unsecured claim arising under its junior consensual lien as <u>wholly unsecured for purposes of plan confirmation</u>, since the value of the Subject Property, at the price of $270,000.00 is below that of $413,132.47, the outstanding principal balance of the note secured by the **first** deed of trust on the Subject Property, as evidenced by the proof of claim filed by BAC Home Loans. See <u>Fahimdejban</u> Declaration, **Exhibit "A"** (valuation). Please also see, <u>Minnucci</u> Declaration, **Exhibit "A"**, attached hereto incorporating by reference BAC Home Loans' proof of claim. Therefore, the **second** deed of trust should be treated as a Class 5 general unsecured claim for

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S
MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY

purposes of the Chapter 13 Plan and should not delay confirmation of Debtor's proposed plan of reorganization.

## II.

## STATEMENT OF FACTS

1. On September 2, 2010, Debtor filed her Chapter 13 for the purpose of enabling her to reorganize her financial affairs and was assigned case number 2:10-47509 VZ. This case remains pending.

2. The Debtor owns real property located at 1201 Nolden St. Los Angeles, CA 90042 (hereinafter referred to as "Subject Property").

3. The Subject Property is her primary residence and is more particularly described as:

**Lot 34 of Tract No. 428, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 16 Page(s) 65 of Maps, in the Office of the County Recorder of said County, except the portion thereof described as follows:**

**Beginning at the Northwest corner of said lot, thense South along the West line of said Lot 70 feet; thense East parallel with the South line of said lot to a point in the Easterly line of said lot; thence Northerly along the Easterly line of said lot. To the Northeasterly corner thereof; thence Westerly along the Northerly line of said lot 39.29 feet to the point of beginning.**

**APN: 5485-005-001**

4. On or about November 18, 2005, the Debtor executed a Promissory Note and Deed of Trust, in **first** position, with BAC Home Loans Servicing, LP (hereinafter "BAC Home Loans") which was subsequently recorded against the Subject Property on November 29, 2005 in the Los Angeles County Clerk and Recorder's Office under recording number <u>05</u> 2893758. Please see <u>Minnucci</u> Declaration, **Exhibit "A."**

5. The amount of the Note has an outstanding balance of $413,132.47 inclusive of interest and late charges as more particularly set forth on its proof of claim filed on December 17, 2010. Please see <u>Minnucci</u> Declaration, **Exhibit "A."**

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S
MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY**

6. The **second** position lender and holder of a beneficial note secured by a second (junior) deed of trust is also held by BAC Home Loans Servicing, LP(hereinafter "Respondent") and was recorded against the Subject Property in the Los Angeles County Clerk and Recorder's Office under recording number **2007**2075805.[1] The outstanding balance due pursuant to the note is $80,952.02. Please see <u>Minnucci</u> Declaration, **Exhibit "B."**

7. The Debtor obtained an appraisal of the Subject Property in or around October 2, 2010 from Shahram Fahimdejban (hereinafter referred to as "Appraiser"), a licensed California real estate appraiser, lic no. AL040668. Please see <u>Fahimdejban</u> Declaration, **Exhibit "A."**

8. The value of the Subject Property was determined by the Appraiser to be $270,000.00 as of the date of the report.

9. As set forth on the Debtor's Schedule I and J, the Debtor's income is adequate to make the payments due on the note held by BAC Home Loans secured by the **first** position deed of trust, and adequate to cure the existing amount in default owing to BAC Home Loans. Please see <u>Minnucci</u> Declaration, **Exhibit "C & D."**

10. However, Schedules I and J show that the Debtor does not have adequate income to make the payments due to Respondent under the **second** position trust deed.

11. The following summary in further support of the Motion, which includes the last billing statements received by the Debtor from BAC Home Loans Servicing, LP, the party secured by the **first** position deed of trust.:

**1201 Nolden St. Los Angeles, CA 90042 (APN 5485-005-001").**

| <u>Description</u> | <u>Party Name</u> | <u>Amount</u> | <u>Equity Cushion</u> | <u>Source</u> |
|---|---|---|---|---|
| Appraised Value | Debtor | $270,000.00 | | Appraisal |
| First Lien | BAC Home Loans | $413,132.47 | ($143,132.47) | Proof of Claim, <u>Minnucci</u> Declaration, **Exhibit "A."** |

---

[1] Please note that the original holder of the note was Countrywide Bank, FSB

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY**

| Second Lien | Respondent | $80,952.02 | ($80,952.02) | Billing Statement, Minnucci Declaration, Exhibit "B." |

## III.

## ARGUMENT

A. <u>The Real Property Must be Valued for Purposes of the Chapter 13 Plan Confirmation.</u>

Bankruptcy Code section 506(a) provides in pertinent part that:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,… and is an unsecured claim to the extent that the value of such creditor's interest… is less than the amount of such allows claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. [emphasis added]."

In the case of <u>In re Taffi,</u> 144 B.R. 105, 109 (Bankr.C.D.Cal.1992), this Court considered the factors relevant to a determination of a motion to determine the secured portion of a claim. In that decision, this Court reasoned that "it would appear from the above quoted language that the value of a lien creditor's interest in collateral that is property of a bankruptcy estate must be determined after considering two factors: (1) the purpose of the valuation and (2) the proposed disposition or use of the property." The Bankruptcy Appellate Panal in the case of <u>In re Lam,</u> 211 B.R. 36 (9th Cir. 1997), considered the exact facts set forth in this case and held that the undersecured creditor would be stripped of its lien and treated as an unsecured creditor in the course of the Debtor's Chapter 13 plan. The court required a finding that the undersecured creditor must be wholly undersecured, with not even a one dollar amount of secured value. Judge Zurzolo revisited his reasoning in <u>Taffi</u> in the case of <u>In re Crain,</u> 243 B.R. 75 (Bankr. CD 1999), in which it was held that valuation of the real property collateral will be made as of the date of confirmation, and not as of the commencement date. In the case of <u>Zimmer v. PSB</u>

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S
MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY**

1  Lending, 313 F.3d 1220 (9th Cir. 2002), the Ninth Circuit took up the Lam issue, and held that
2  "…more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds
3  the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a
4  term of art; not every claim that is secured by a lien on property will be considered a "secured
5  claim." Id. At 1223.

6      At this time, due to the general decline in real estate values in Southern California, which
7  has substantially affected the area in which the Real Property is located, the value of the Real
8  Property has substantially declined in value, no longer entirely supporting the security interest of
9  BAC Home Loans' note secured by the first position trust deed. In making this Motion, the
10 Debtor relies upon the Appraiser's opinion that is attached and incorporated by reference as
11 **Exhibit "A,"** to the Appraiser's Declaration filed concurrently herewith. The Debtor believes a
12 valuation of $270,000.00 is fair and reasonable for the purpose of valuation of the Subject
13 Property and classification of Respondent as a Class Five general undesecured creditor in the
14 Debtor's Chapter 13 Plan.

15

16 B.    The Valuation of the Subject Property is Necessary for an Effective Reorganization and
17 the Debtor Should Not Be Required to Make Post Petition Payments.

18     As provided in Section 506(a), valuation of the secured interest should take place "… in
19 conjunction with any hearing…on a plan affecting such creditor's interest." This Motion is
20 made in conjunction with the Debtor's Chapter 13 Plan. The Debtor has demonstrated under
21 Section 506(a) that the Real Property is valued less than the security interest of BAC Home
22 Loans' note secured by the **first** position trust deed, and that a reorganization is possible.
23 Accordingly, Respondent is not entitled to post-petition payments under note secured by the
24 **second** position trust deed. See United Savings Association of Texas v. Timbers of Inwood
25 Forest Association, Lmtd, 484 U.S. 365, 108 S. Ct. 626, 98 L.Ed.2d 740 (1988).

26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S
MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY

## IV.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant this motion and issue an Order valuing the Subject Property at $270,000.00 and that the Court deem Respondent a wholly unsecured creditor, with respect to the note secured by the **second position trust deed,** for the purpose of treatment under the Debtor's proposed Chapter 13 Plan, and that the Debtor is relieved from making any post-petition payments to Respondent with regard to this junior consensual lien. Furthermore, the Debtor requests that the Chapter 13 Trustee will not advance to Respondent any payment for the purposes of curing any amount in default or in arrears. Lastly, the Debtor requests any further relief as the Court may deem just and proper.

Dated: March 29, 2011

Respectfully Submitted,

LAW OFFICES OF TODD J. ROBERTS

By: _____
Todd J. Roberts
Attorney for Debtor/Movant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S
MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY

# DECLARATION OF BARBARRA MINUCCI IN SUPPORT OF MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY.
## U.S.B.C. CASE NO.: 2:10-bk-47509 VZ.

I, **BARBARA MINNUCCI**, declare:

I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts:

1. On September 2, 2010, I filed my Chapter 13 bankruptcy for the purpose of enabling me to reorganize my financial affairs and was assigned case number 2:10-47509 VZ. This case remains pending.

2. I own real property located at 1201 Nolden St. Los Angeles, CA 90042 (hereinafter referred to as "Subject Property").

3. The Subject Property is my primary residence and is more particularly described as:

> **Lot 34 of Tract No. 428, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 16 Page(s) 65 of Maps, in the Office of the County Recorder of said County, except the portion thereof described as follows:**
>
> **Beginning at the Northwest corner of said lot, thense South along the West line of said Lot 70 feet; thense East parallel with the South line of said lot to a point in the Easterly line of said lot; thence Northerly along the Easterly line of said lot. To the Northeasterly corner thereof; thence Westerly along the Northerly line of said lot 39.29 feet to the point of beginning.**
>
> **APN: 5485-005-001**

4. On or about November 18, 2005, I executed a Promissory Note and Deed of Trust, in **first** position, with BAC Home Loans Servicing, LP (hereinafter "BAC Home Loans") which was subsequently recorded against the Subject Property on November 29, 2005 in the Los Angeles County Clerk and Recorder's Office under recording number **05** 2893758. The amount of the Note has an outstanding balance of $413,132.47 inclusive of interest and late charges as more particularly set forth on its proof of claim filed on December 17, 2010. Attached hereto,

1

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY**

and incorporated by reference herein as **Exhibit "A"** is a true and correct copy of the Proof of Claim filed by BAC Home Loans which contains a copy of the duly recorded **first** position trust deed.

5. The **second** position lender and holder of a beneficial note secured by a second (junior) deed of trust is also held by BAC Home Loans Servicing, LP(hereinafter "Respondent") and was recorded against the Subject Property in the Los Angeles County Clerk and Recorder's Office under recording number **2007**2075805.[2] The outstanding balance due pursuant to the note is $80,952.02. Attached hereto and incorporated by reference herein as **Exhibit "B"** is a true and correct copy of the Proof of Claim filed by Respondent which contains a copy of the duly recorded **second** position trust deed.

6. My Attorney, on my behalf, obtained an appraisal of the Subject Property in or around October 2, 2010 from Shahram Fahimdejban (hereinafter referred to as "Appraiser"), a licensed California real estate appraiser, lic no. AL040668. Please see Fahimdejban Declaration, **Exhibit "A."**

7. The value of the Subject Property was determined by the Appraiser to be $270,000.00 as of the date of the report.

8. As set forth on my Schedule I and J, my income is adequate to make the payments due on the note held by BAC Home Loans secured by the **first** position deed of trust, and adequate to cure the existing amount in default owing to BAC Home Loans. Attached hereto and incorporated by reference herein as **Exhibit "C & D"** are true and correct copies of my Schedules I and Schedules J, respectively.

9. However, Schedules I and J show that I do not have adequate income to make the payments due to Respondent under the **second** position trust deed.

---

[2] Please note that the original holder of the note was Countrywide Bank, FSB

2

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO DETERMINE
SECURED VALUE OF REAL PROPERTY**

1     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed at Los Angeles, California on this 29th day of March, 2011.

/s/ Attached
_____
Barbara Minnucci, Debtor

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO DETERMINE
SECURED VALUE OF REAL PROPERTY**

1 |     I declare under penalty of perjury under the laws of the United States of America that the

2 | foregoing is true and complete to the best of my knowledge. Executed at Los Angeles,

3 | California on this 29th day of March, 2011.

                          *[signature]*

                        Barbara Minnucci, Debtor

3

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO DETERMINE
SECURED VALUE OF REAL PROPERTY**